The National City Bank of New York, demandante y apelado, *v.* Miguel A. Meléndez, demandado y apelante.

No. 4513.—*Sometido:* Febrero 27, 1929. *Resuelto:* Abril 2, 1929.

*Arturo Aponte,* abogado del apelante; *Charles Hartzell* y *Rafael O. Fernández,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En 19 de julio de 1923, The National City Bank of New York, corporación bancaria con oficina principal en la ciudad de New York, y sucursal en San Juan de Puerto Rico, presentó ante la corte de distrito de San Juan una demanda contra Miguel A. Meléndez, en cobro de dinero. En 2 de agosto de 1923, se hizo el emplazamiento del demandado, en el barrio Daguao de Naguabo. En 29 de agosto de 1924, a petición de la parte demandante, se anotó por el secretario de la corte de distrito de San Juan la rebeldía del demandado; y en esa misma fecha, se dictó y anotó sentencia contra el demandado, por la suma pedida en la demanda, con los intereses y costas.

En el récord aparece una copia de carta fecha 17 de agosto de 1923, dirigida a los abogados del demandante, en la que se dice se le incluyan copias de excepción previa, moción de traslado, y una petición, en el mismo caso de que se trata, y avisando que los originales fueron remitidos el mismo día al Secretario de la Corte de Distrito de San Juan, con el sello de rentas internas. No aparece copia de la firma. Se une asimismo copia de un recibo expedido por el jefe de correos en Humacao, el 17 de agosto de 1923, con relación a carta certificada de Arturo Aponte, dirigida a Chas. Hartzell y Rafael O. Fernández, de San Juan, P. R. Y después copia de carta dirigida al Secretario de la Corte de Distrito de San Juan, en 17 de agosto de 1923 en la que se dice se incluye un escrito de excepción previa, moción de traslado, petición y declaración jurada en el caso civil 2233, *National City Bank of New York* v. *Miguel A. Meléndez.*

Del récord aparecen asimismo:

1. Moción de traslado,
2. Excepción previa,
3. Declaración jurada sobre méritos,

4. Petición de traslado.

Las dos primeras con fecha 17 de agosto de 1923 y las dos últimas de 8 de agosto de 1923. Y después, con fecha 17 de noviembre de 1924, una moción, a nombre del demandado, para apertura de rebeldía, y para que se permita figuren en los autos la excepción previa y la moción de traslado. A la moción se une la declaración jurada del demandado, y la de su abogado.

En 8 de diciembre de 1924, el demandado, por su abogado, pidió por escrito al secretario de la corte de distrito el señalamiento en calendario especial de la moción de apertura de rebeldía y de la de traslado. A la de apertura de rebeldía se opuso, por escrito, la parte demandante. Y en diciembre, 1924, la corte resolvió declarando con lugar la apertura de rebeldía, y admitiendo la excepción previa.

En 18 de enero de 1928, la corte resolvió en cuanto a la moción de traslado declarando que, una vez que el demandado, después de personado en juicio, hizo otras gestiones que no fueron la de pedir el traslado, quedó sometido a la jurisdicción de la Corte de Distrito de San Juan y denegando el traslado. Y ésta es la resolución apelada ante nosotros.

El apelante señala un error: el que sigue:

"La Corte inferior erró al resolver que la apertura de una sentencia en rebeldía impide el traslado de un pleito, por quedar sometido el demandado."

Es un hecho fuera de discusión que este demandado-apelante, pidió al secretario de la corte la inclusión en calendario especial, de la moción para apertura de rebeldía, y de la moción de traslado. Y es también indiscutible que la corte resolvió declarando con lugar la moción de apertura de rebeldía, anulando la sentencia, y admitiendo la excepción previa; y el demandado aceptó la resolución, sin objetar en cuanto a extremo alguno de ella. La situación que por tal resolución se creó fué esta: El demandado quedó liberado de los efectos de la rebeldía, la sentencia dictada desapa-

reció, en derecho, y el demandado quedó ante la corte y dentro del litigio, con una excepción previa a la demanda; esto es, pendiente de un cuestión de derecho suscitada por él.

En esa situación, el demandado se halla sometido a la Corte de Distrito de San Juan, ante la que tiene formulada, y admitida para discusión y resolución, su cuestión de derecho.

El artículo 77 del Código de Enjuiciamiento Civil es claro. Y su aplicación en este caso es correcta.

*Debe confirmarse la resolución apelada.*